**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRYON TAYLOR, | : | Civil No. 09-4044 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| J. GRONDOLSKY, | : | |
| Respondent. | : | |

**Robert B. Kugler**, District Judge:

    This matter is before the Court upon Bryon Taylor's ("Petitioner") petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court will dismiss the Petition.

**I.    BACKGROUND**

    Petitioner is a federal inmate presently confined at the F.C.I. Fort Dix in New Jersey. Petitioner is serving an aggregate 151-month sentence imposed by the United States District Court for the Northern District of Ohio on May 10, 2005, based on his guilty plea to Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base. See United States v. Taylor, Crim. No. 03-0422 (KMO) judgment (N.D. Ohio May 10, 2005). Petitioner thereafter filed a motion to vacate, set aside, or correct his sentence in the Northern District of Ohio,

1

which Judge Kathleen O'Malley denied on June 18, 2009. Id. docket entry #64.

Petitioner filed the § 2241 Petition presently before this Court on August 11, 2009. Petitioner asserts that he was incarcerated at the Mahoning County Justice Center from his arrest on May 15, 2003, until he was transferred to the Northeast Ohio Correction Center ("NEOCC"), operated by the Corrections Corporation of America, in September 2004. He alleges that he was incarcerated at NEOCC for eight and one-half months, from September 2004 through May 2005. He alleges that the conditions of incarceration at these facilities were so poor that they imposed punishment without due process of law, contrary to the Fifth Amendment, and cruel and unusual punishment, in violation of the Eighth Amendment. "In consideration of the pain and suffering, which constitutes a direct violation of this Petitioner's Eighth Amendment rights, [Petitioner] is requesting that this Court would grant a two for one credit for the days the Petitioner served at the Mahoning County Justice Center and at the Northeast Ohio Corrections Center (NEOCC)." (Pet. at p. 10) (Docket entry #1 at p. 10.)

Petitioner states that he has not exhausted administrative remedies available within the Bureau of Prisons. He maintains that exhaustion would be futile because "filing administrative remedies through the B.O.P. would not address Petitioner's cruel

and unusual punishment that he received before his transfer to the B.O.P. and the B.O.P. cannot provide the relief that the Petitioner is seeking." (Pet. ¶ 17.) The sole respondent is the Warden of FCI Fort Dix.

## II. DISCUSSION

### A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To the extent that Petitioner wants this Court to reduce the term of the sentence imposed in the Northern District of Ohio, the Petition will be dismissed for lack of jurisdiction. Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1] See In

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,

re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle, 290 F.3d at 539.

In this case, because the sentencing court could have entertained Petitioner's claims to reduce his sentence based on the time he was incarcerated in the Ohio facilities, § 2255 is not inadequate or ineffective to challenge Petitioner's detention.  See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  To the extent Petitioner seeks to

---

> unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

4

challenge the sentence, this Court will dismiss the Petition for lack of jurisdiction.

B. **Calculation of Sentence**

To the extent that Petitioner wants this Court to direct the Bureau of Prisons ("BOP") to recalculate his release date and to release him sooner as a result of the conditions of confinement at the Ohio facilities, this Court would have subject matter jurisdiction over the claim. However, in that case, this Court will dismiss the Petition for failure to exhaust available administrative remedies. While the exhaustion requirement is not jurisdictional or statutory, it is diligently enforced by the federal courts. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (noting that "a procedural default in the administrative process bars judicial review because the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar"); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241"). In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. See 28 C.F.R. § 542.10. The BOP's Administrative

Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id. See Sharpe v. Costello, 289 Fed. App'x 475 (3d Cir. 2008).

Here, Petitioner concedes that he did not exhaust administrative remedies. He asserts that exhaustion would be

futile because the BOP cannot provide the relief he requests, since it involved his incarceration prior to being taken into BOP's custody.  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F. 3d at 761-62.  Petitioner confuses futility with lack of merit.  In other words, Petitioner's suspicion that the BOP would deny his claim does not render exhaustion of the claim futile.  Moreover, where Petitioner has not presented his request for a shortened term to the BOP, there is no administrative determination, final or otherwise, for this Court to review under § 2241.  This Court sees no reason to excuse Petitioner's failure to exhaust the BOP's administrative remedy program.  To the extent that Petitioner challenges the BOP's calculation of his release date, this Court will dismiss the Petition for failure to exhaust administrative remedies.  See Gant v. Warden of FCI Fort Dix, 2009 WL 2634619 (D.N.J. Aug. 24, 2009).

**III. CONCLUSION**

For the reasons set forth above, the Petition will be dismissed.

An appropriate Order accompanies this Opinion.

                                             _____
                                             **ROBERT B. KUGLER**
                                             United States District Judge

Dated: 10-21-09